The People of the State of Illinois, Plaintiff-Appellee, *v.* Harrison Taylor, Defendant-Appellant.

(No. 60049;

First District (5th Division)—May 23, 1975.

James J. Doherty, Public Defender, of Chicago (Thomas Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Defendant was found guilty at a bench trial of the unlawful use of weapons, a violation of section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)), and failure to possess an Illinois Firearms Identification card, a violation of section 2(a) of the act regulating firearms (Ill. Rev. Stat. 1974, ch. 38, par. 83—2(a)). He was sentenced to a period of 60 days at the House of Correction, concurrent on both charges. Santiago Quinones, a codefendant with Taylor, was discharged.

The only issue on appeal is whether the evidence is so unsatisfactory and unreasonable that it raises a serious question as to whether the defendant has been proven guilty beyond a reasonable doubt.

On the evening of August 2, 1973, Chicago Police Officer Raymond Augle observed defendant struggling with Santiago Quinones in an open lot near the housing project at 4155 S. Lake Park in Chicago. A crowd which gathered around the defendant and Quinones ultimately began to throw bottles at Augle.

As the State's sole witness, Officer Augle testified that Taylor and Quinones were struggling over a relatively small automatic handgun and that he heard approximately six or seven shots fired. Upon further examination, he testified that four hands covered the weapon during the struggle and that in fact the gun was never clearly in view to him while the individuals were wrestling. The witness did, however, state that he picked up a gun from the ground and placed it in his pocket. Defendant and Quinones were subsequently arrested.

Though the testimony of defendant, his wife, and Quinones is in some respects contradictory, there is agreement between them on one essential point: that neither defendant nor Santiago Quinones had a firearm in their hands during the time they fought. Moreover, there was testimony by Quinones that he picked up a stick after he heard a shot come from the crowd, and that it was used in his fight with defendant.

The Illinois Supreme Court has held in *People v. Dawson* that:

> "* * * we cannot, in every case, accept the trial judge's finding as conclusive, for the rule is that it is the duty of this Court to examine the evidence in a criminal case and if it is so unsatisfactory and unreasonable as to raise a serious doubt of defendant's guilt, the conviction must be reversed." 22 Ill.2d 260, 264, 174 N.E.2d 817.

In the case at bar, we find that the evidence is so unsatisfactory that it raises serious doubt as to defendant's guilt. It is evident from the officer's testimony that he was concerned for his own personal well-being and safety as he was being attacked by the hostile crowd. As he explained why none of the expended shells were recovered and introducd in court, he stated that "* * * people from the project were over there and started throwing bottles at us. We had to get out of there." The very real possibility that Officer Augle's attention may have been diverted away from his subjects by the menacing crowd, even prior to their attack, taken along with his testimony that the hands of both Quinones and defendant covered the gun, thus obscuring his view of the weapon, makes the evidence introduced by the State so unsatisfactory that it raises serious doubt as to the defendant's possession of the firearm.

For these reasons we must reverse the lower court finding that defendant was guilty of the unlawful use of a weapon. Furthermore, we find that since neither possession, nor the fact that the defendant acquired the gun, has been proven beyond a reasonable doubt, we also reverse the finding of guilt with respect to the charge that defendant failed to possess an Illinois Firearms Identification Card.

In accordance with the views expressed herein the cause is remanded to the trial court with directions to vacate the finding of guilty, and to enter a finding of not guilty.

Reversed and remanded with directions.

LORENZ and SULLIVAN, JJ., concur.